OPINION {¶ 1} This is an appeal from decisions of the Stark County Common Pleas Court confirming an arbitration award, entering judgment thereon as to Appellant and granting prejudgment interest from the accident date.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Ronald D. Zurcher, Appellee's spouse, was killed in an accident on August 25, 1977, due to the negligence of Lawrence R. Jones, Jr.
 {¶ 3} The tortfeasor carried liability coverage of $50,000.00, which limit was paid by Progressive Insurance Co.
 {¶ 4} Mr. Zurcher, a self-employed mobile home repair contractor, was insured by Appellant (State Auto) due to its issuance of a contractor's liability policy.
 {¶ 5} Appellee, the Executrix of the Estate of Ronald D. Zurcher, submitted an underinsured (UIM) claim to Appellant and to National Surety Corporation (National) and to Fireman's Fund Insurance Co. of Ohio (Fireman's). National and Fireman's were the carrier's which before had issued business auto and umbrella policies to Leiden Cabinet Company which employed Mr. Zurcher's resident stepson.
 {¶ 6} Such policies contained arbitration provisions while the policy issued by State Auto did not.
 {¶ 7} The UIM claims presented to National and Fireman's were submitted to arbitration. State Auto was invited by Appellee's council to participate in the arbitration but declined.
 {¶ 8} The binding arbitration resulted in an award of $3,900,000.00.
 {¶ 9} An application to confirm such award and reduce it to judgment along with prejudgment interest was filed and granted.
 {¶ 10} This Court on a prior appeal (2001CA00197, 2002-Ohio-901) determined that Fireman's had appropriately reduced its UM/UIM coverage.
 {¶ 11} Thereafter, an application was filed which also requested that such arbitration be confirmed and reduced to judgment against State Auto.
 {¶ 12} Such application was granted with prejudgment interest awarded from the accident date of August 25, 1977.
 {¶ 13} Two Assignments of Error are raised:
 ASSIGNMENT OF ERROR {¶ 14} "I. DEFENDANT-APPELLANT STATE AUTO'S ASSIGNMENT OF ERROR I: THE TRIAL COURT ERRED IN CONFIRMING AND ENTERING JUDGMENT ON THE ARBITRATION AWARD AGAINST STATE AUTO.
 {¶ 15} "II. DEFENDANT-APPELLANT STATE AUTO'S ASSIGNMENT OF ERROR II: THE TRIAL COURT ERRED IN AWARDING PREJUDGMENT INTEREST FROM THE DATE OF THE ACCIDENT."
 I. {¶ 16} In addressing the First Assignment of Error, Appellee correctly states that the various courts and legislature favor arbitration as a method of settling disputes without extended legal action. R.C. Chapter 2711 was enacted for this specific purpose. These provisions do not support the enforcement of the arbitration award against State Auto which did not include an arbitration clause in its contract. " [A]rbitration is a matter of contract, and parties cannot be required to submit to arbitration those disputes that they have not agreed to submit to arbitration.' Ison v. State Farm Mut. Auto Ins. Co., Cuyahoga App. Nos. 78794, 79635, 2002-Ohio-3762 (Fifth District Court of Appeals sitting by assignment),."
 {¶ 17} Next, Appellee states that State Auto should be bound as it was invited to participate. There is no merit to this conclusion. It is akin to a letter being sent to one demanding payment and then, without service of process attempting to enforce a judgment involving others against the non-responding party.
 {¶ 18} Appellee cites Gerig v. Kahn (2002), 95 Ohio St.3d 478, to the effect that equitable estoppel should be applied to enforce the award. Such case was predicated on the principal of benefit received justifying enforcement. We fail to find a benefit warranting such action.
 {¶ 19} Therefore, we find the First Assignment of Error well taken and sustain same. The judgment of enforcement of the arbitration award is vacated.
 II. {¶ 20} The Second Assignment of Error as to awarding prejudgment interest need not be addressed as, with the First Assignment requiring the vacation of the judgment, no interest, whether pre- or post-judgment is applicable.
 {¶ 21} Appellee's presentation as to the coverage under State Auto's CGL policy is not before this Court at this time.
 {¶ 22} As stated, this cause is reversed and remanded for appropriate action in accordance herewith.
By: Boggins, J., Gwin, P.J., and Edwards, J. concur.